**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEIDI EVELIN ARIAS-HERNANDEZ, | No. 24-6336 |
| Petitioner, | Agency No. A209-240-512 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026**
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Heidi Evelin Arias-Hernandez ("Arias-Hernandez"), a native and citizen of

El Salvador, petitions for review of a Board of Immigration Appeals ("BIA")

decision affirming an order of an Immigration Judge ("IJ") denying her application

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). Here, to the extent the BIA incorporated the IJ's decision into its own, we review both decisions. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020)).

1. The BIA and IJ had jurisdiction over Arias-Hernandez's proceedings despite the government's service of a notice to appear that lacked location, date, and time information for her initial removal hearing. In *United States v. Bastide-Hernandez*, we held that 8 C.F.R. § 1003.14(a) is a nonjurisdictional claim-processing rule and that the filing of a notice to appear that lacks time and date information, but which is subsequently supplemented with a notice of hearing containing such information, fully complies with the regulation's requirements. 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc). Because Arias-Hernandez's original notice to appear was later supplemented through notices of hearing that included date, time, and location information, the immigration court had jurisdiction.

2. Arias-Hernandez failed to exhaust any challenge to the IJ's determination that she did not establish the government of El Salvador's inability or unwillingness to protect her from the private actors she fears, an essential element of both her asylum and withholding claims. *See Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000) (asylum standard); *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (withholding of removal standard). In her counseled appeal brief before the BIA, Arias-Hernandez did not meaningfully challenge the IJ's decision on this point. Arias-Hernandez's failure to exhaust this dispositive issue before the BIA, coupled with the government's timely invocation of the exhaustion rule before this court, precludes us from reaching the issue's merits. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).[1]

3. The record does not compel the conclusion that, if removed to El Salvador, Arias-Hernandez would more likely than not be tortured by or with the consent or acquiescence of the Salvadoran government. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022). Arias-Hernandez testified that she did not report the attempted rape, assault, and threats to the police because doing so would (1) be futile, given that she did not know the identities of her perpetrators

---

[1] Because the BIA's conclusion on this issue was dispositive of Arias-Hernandez's asylum and withholding claims, the BIA was not required to address her other arguments. *See INS v. Bagamasbad,* 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

and that there is widespread corruption within the government, and (2) subject her to further violence from the gang. Although Arias-Hernandez was not required to report the incident to the police to qualify for CAT relief, *see Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006), substantial evidence supports the agency's conclusion that her speculation alone does not compel a finding that the Salvadoran government would consent or acquiesce to her torture. And while the country conditions evidence reflects governmental corruption and impunity in El Salvador generally, that general evidence does not compel a finding of consent or acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**